UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHERRIE BOHANNON, )<br>  Plaintiff, )<br> )<br>  v. )<br> )<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>  Defendant. ) | CAUSE NO.: 2:15-CV-111-JEM |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 29], filed by Plaintiff on June 27, 2016. On March 29, 2016, the Court issued an Opinion and Order remanding this matter for further proceedings. Plaintiff now requests that the Court award her $11,995.49 in attorney fees under the Equal Access to Justice Act (EAJA). On July 5, 2016, Defendant filed her response [DE 30] to the Motion, conceding that Plaintiff is entitled to a fee award but arguing that the award should not exceed $6,328.68. Plaintiff filed a reply [DE 31] on July 12, 2016, and requested an additional $402.42 in attorney fees for preparing the reply.

## ANALYSIS

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Under 28 U.S.C. section 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must

satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)).

By obtaining a remand, Plaintiff is considered a "prevailing party." *See Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). There is no dispute that Plaintiff's net worth does not exceed two million dollars. *See* 28 U.S.C. § 2412(d)(2)(B). Plaintiff filed the instant fee application within the period in which to file a petition for fees. *See* 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G). Furthermore, the Commissioner "acknowledge[d] that Plaintiff is entitled to recovery of fees under the Equal Access to Justice Act." DE 30 at 3. As a result, the Court finds that Plaintiff is entitled to an attorney fee award under the EAJA.

The limited issue before the Court, as raised in Defendant's response, is the reasonableness of Plaintiff's fee request. The Commissioner asserts that both the hours worked and the hourly rate used in Plaintiff's request are unjustified. The Commissioner requests that the Court lower Plaintiff's overall fee request by reducing the number of hours upon which the fee calculation is based and by reducing the hourly rate used in the calculation.

### A. Reasonableness of Hours Expended

The Commissioner argues that Plaintiff's counsel spent too many hours working on this case.

The Commissioner contends that the administrative record was not long or complicated and that the arguments raised in the opening brief were standard. Defendant requests that the Court reduce the attorney time by at least 27.3 hours, deducting 15 hours from the time spent on the opening brief, 8 hours from the time spent on the reply brief, and 4.3 hours spent editing and revising the opening brief. Plaintiff argues that the hours expended by her attorney were reasonable because the opening and reply briefs brief included extensive citations to cases, regulations, rulings, and medical treatises. Furthermore, Plaintiff asserts that the stated hours worked, 62.2, is near the standard range for Social Security cases in the Seventh Circuit.

After reviewing counsel for Plaintiff's time itemization, the Court finds that the hours worked in this case were reasonably expended. The standard range for hours worked on Social Security litigation in the Seventh Circuit is 40-60 hours. *See Ruiz v. Colvin*, No. 2:14-CV-69-JEM, 2016 WL 2908287, at *2 (N.D. Ind. May 18, 2016) (citation omitted). The number of hours worked in this case, 62.2, is slightly higher than the standard range. However, both Plaintiff's opening and reply briefs made significant and in-depth citations to the record below. Furthermore, attorneys in this district have frequently been awarded fees based on hours significantly higher than the 40-60 range. *See Ruiz*, 2016 U.S. Dist. LEXIS 65761 at *8-9 (collecting cases). Even though Plaintiff's counsel is an experienced Social Security attorney and the issues raised in Plaintiff's briefs are frequently raised in Social Security appeals, those facts alone do not justify decreasing Plaintiff's fee request. Each case requires new research and investigation, which is often time consuming. *See Ruiz*, 2016 U.S. Dist. LEXIS 65761 at *11 (N.D. Ind. May 18, 2016).

Accordingly, the hours Plaintiff's attorney worked are reasonable.

B.     **Reasonableness of Hourly Rate**

Defendant also argues that the hourly rate used in Plaintiff's fee request is too high. Defendant asserts that this Court should rely on the regional Consumer Price Index (CPI) rather than the national CPI in determining the appropriate hourly fee. Using the national CPI, the hourly fee is $191.33. Using the regional CPI, the hourly fee is $186.08, $5.25 lower.

Plaintiff asserts that the Northern District of Indiana routinely uses the national CPI in setting the hourly rate, citing to this Court's order in *Ruiz v. Colvin*, No. 2:14-CV-69-JEM, 2016 WL 2908287, at *2 (N.D. Ind. May 18, 2016). Plaintiff also attached declarations from six attorneys who routinely work on Social Security cases in the Seventh Circuit. These declarations demonstrate that the going rate for similar services performed by experienced Social Security attorneys is typically $250 to $500 per hour. The Commissioner does not challenge these declarations or suggest that they do not represent the going rate for Social Security appeals in the Seventh Circuit.

The EAJA provides that a Plaintiff may recover attorney's fees that "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Seventh Circuit has interpreted this statute to mean that an attorney is not "automatic[ally] entitle[ed] to fee enhancements." *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). Rather, the EAJA's language regarding the cost of living "reflects an assumption that general measures like the [consumer price index] will provide a reasonably accurate measure of the need for an inflation adjustment in most cases." *Id*.

For example, a plaintiff may show the effect of inflation on her attorney's abilities to provide adequate legal services by submitting "evidence of his typical hourly rate, how his operating costs have been affected by inflation, what competent lawyers in the relevant geographic area charge, or that no qualified attorney would provide representation in comparable cases at the statutory rate." *Walton v. Colvin*, No. 1:12-CV-688, 2013 WL 1438103, at *4 (S.D. Ind. Apr. 9, 2013). The decision to set the hourly rate at the national or regional prevailing rate is left to the discretion of the district court. *Sprinkle*, 777 F.3d at 428, n. 2.

Plaintiff's requested hourly rate, $191.33, is justified in this case. While the Commissioner is correct that the geographic location of the litigation is an appropriate factor to consider in determining whether a requested hourly rate is appropriate, the Plaintiff may also "produce evidence that the rate . . . requested is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Id.* at 428. Plaintiff's declarations demonstrate that the prevailing market rate in the Seventh Circuit for Social Security appeals handled by experienced attorneys is between $250 and $550 an hour. Although calculated using the national CPI, Plaintiff's requested rate is well below that range.

Furthermore, as this Court has discussed when the Commissioner previously questioned whether the national CPI was an appropriate basis for calculating attorney fee awards, courts in the Northern District of Indiana frequently use the national rather than regional CPI in calculating an appropriate hourly rate. *See Ruiz*, 2016 U.S. Dist. LEXIS 65761 at *6 (collecting cases).

Accordingly, Plaintiff's requested hourly fee is appropriate.

## CONCLUSION

Consistent with the foregoing discussion, the Court hereby **GRANTS** Plaintiff's Motion

for Attorney's Fees under the Equal Access to Justice Act [DE 29] and **ORDERS** that Plaintiff is awarded a total of $12,302.91 in fees and costs under the Equal Access to Justice Act, 28 U.S.C. section 2412.

SO ORDERED this 18th day of January, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record.